IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV86-03-V
(5:98CR282-15-V)

| | |
|---|---|
| RODRICK DAJAUNA DULA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed June 9, 2003; on the Government's Motion for Summary Judgment, (Document No. 3); Petitioner's "Amended Petition in Support Addendum to his Motion to Vacate, Set Aside or Correct Sentence in Light of Blakely v. Washington," (Document No. 6), and on Petitioner's "Supplement to Motion to Amend Pursuant to 28 U.S.C. § 2255" (Document No. 7.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on January 12, 1999, Petitioner was indicted in a Second Superceeding Bill of Indictment that charged him with one count of conspiracy to possess with intent to distribute and distribute quantities of cocaine and cocaine base. On April 23, 1999, Petitioner and the Government entered into a plea agreement. On May 3, 1999, Petitioner entered a guilty plea at his Rule 11 Hearing. On February 17, 2000, this Court sentenced Petitioner to 188 months imprisonment to be followed by five years of supervised release. Petitioner did not initially appeal

1

his sentence or conviction.

On December 7, 2000, Petitioner filed his first Motion to Vacate (5:00cv188) alleging that he had received ineffective assistance of counsel because he requested that his attorney file a direct appeal and that his counsel failed to do so and because his counsel failed to protect his rights in making a knowing and voluntary plea.[1] Petitioner also claimed in his first Motion to Vacate that his Second Superceding Bill of Indictment was defective. On May 30, 2001, this Court granted in part and denied in part Petitioner's Motion to Vacate. The Court denied all of Petitioner's claims except for his ineffective assistance of counsel claim based upon his attorney's failure to file an appeal.[2] With respect to his claim that his attorney failed to file a direct appeal on his behalf, the Court vacated Petitioner's judgment and directed the Clerk to prepare a new judgment with the same sentence and conditions so that Petitioner could appeal from the new judgment.

Petitioner filed timely appeals in the Fourth Circuit Court of Appeals contesting his underlying criminal conviction and sentence (No 01-4608) and this Court's Order granting in part and denying in part his Motion to Vacate (No. 01-7091). On May 3, 2002, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence, denied a certificate of appealability and dismissed

---

[1] More specifically, Petitioner claimed that he had no understanding of the plea he was making nor did he understand the rights he was giving up by entering the plea agreement.

[2] This case was decided prior to United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), in which the Fourth Circuit instructed that when a district court grants a 2255 due to counsel's failure to file a direct appeal pursuant to United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the court may not consider the merits of any of the remaining claims in the 2255, but must instead dismiss the remaining claims without prejudice. Because this case was decided prior to Killian, this Court considered and denied Petitioner's claims other than the ineffective assistance of counsel for failure to file a direct appeal. The Fourth Circuit then reviewed this Court's Order, denied Petitioner a certificate of appealability and dismissed Petitioner's appeal of his Motion to Vacate.

2

Petitioner's appeal of his Motion to Vacate.

Petitioner filed the instant Motion on June 9, 2003 alleging that his attorney was ineffective because he did not attend the interview with the Probation Officer who determined the amount of drugs knowingly foreseeable by the Petitioner, because his attorney did not object at sentencing and because his attorney did not explain the different penalties for cocaine powder and cocaine base. He asserts that he never had an understanding of the penalties until after his appeal. He further contends that his attorney failed to investigate the presentence report and led the Petitioner to plead unknowingly to cocaine base even though powder was involved.[3] Petitioner is essentially attempting to re-litigate issues which have already been decided. In his first Motion to Vacate, Petitioner's allegations of ineffective assistance of counsel were based on his counsel's failing to protect Petitioner's rights in making a knowing and intelligent plea and were refuted by an affidavit of his attorney (Ex. 3, attached to Govt's Motion for Summary Judgment), his responses in the Plea and Rule 11 colloquy (See Ex. 4, attached to Govt's Motion for Summary Judgment) and his answers at his sentencing hearing (See Ex. 5, attached to Govt's Motion for Summary Judgment). In his current motion, Petitioner again contends that his counsel was ineffective during the plea process.

---

[3] Although Petitioner's current claim is slightly modified, it is substantially the same claim he raised in his first Motion to Vacate which this Court denied and which the Fourth Circuit reviewed and denied a certificate of appealability. Moreover, to the extent that Petitioner's current ineffective assistance of counsel claim is different from his previous claim, Petitioner could have raised this current claim in his first Motion to Vacate but did not. In other words, this new claim does not stem from his underlying criminal appeal, but instead arises from Petitioner's attorney's performance both prior to sentencing and at sentencing, claims which could have been raised in Petitioner's first Motion to Vacate.

## II. ANALYSIS

**1. Petitioner's Motions to Amend Are Futile**

Petitioner filed two motions to amend on the basis of Blakely v. Washington, United States v. Booker and United States v. Fanfan. (Document No. 6 and 7.) Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending § 2255 motions. Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. See Forman v. Davis, 371 U.S. 178, 182 (1962).

However, in the instant case, it would be futile for Petitioner to amend his Petition. That is, any claim under Blakely, or Booker and Fanfan would be dismissed. The Fourth Circuit Court of Appeals has concluded that Apprendi, the case from which the Blakely ruling is derived, cannot be retroactively applied in cases such as this. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, the Fourth Circuit has recently held that Booker cannot be retroactively applied in cases such as this. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). In Morris, the Fourth Circuit plainly said that Booker was a new rule, for purposes of Teague retroactivity analysis. However, Booker was not a watershed rule warranting retroactive application. Morris, 429 F.3d at 72. The Morris case is binding on this Court and controls the outcome of this case. In Morris, the Fourth Circuit joined nine other circuits in holding that Booker does not apply retroactively to cases on collateral review. See Morris, 429 F.3d 65 at ft.nt 2. Consequently, because Petitioner's claim under Blakely and Booker and Fanfan would be futile, his motions to amend are denied.

**2. Petitioner's Motion to Vacate is Successive**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." 28 U.S.C. § 2255

4

(1997). Petitioner filed his first Motion to Vacate on December 7, 2000, which this Court granted in part and denied in part. More specifically, this Court dismissed all of Petitioner's claims except for his ineffective assistance of counsel claim based on his attorney's failure to file an appeal. The Fourth Circuit then reviewed this Court's Order, denied Petitioner a certificate of appealability and dismissed Petitioner's appeal of his Motion to Vacate. On June 9, 2003 Petitioner filed the instant Motion to Vacate, which is his second, without first certifying his claim. Therefore, the Petitioner must first certify his claim with the Fourth Circuit Court of Appeals before he can file his successive claim in the District Court.[4]

### 3. Ineffective Assistance of Counsel

However, in an abundance of caution and only to the extent that the instant motion is not considered successive, this Court will consider the ineffective assistance of counsel claim contained therein. Petitioner claims that his counsel was ineffective because he did not attend the interview with

---

[4] This Court takes the position that Petitioner's Motion to Vacate is successive despite the Fourth Circuit's decision in In re Mervyn Goddard, 170 F.3d 435 (4th Cir. 1999), because of the unusual posture of this case. Here, unlike Goddard, Petitioner raised other claims ( i.e. attacking the voluntariness of his plea) in addition to his claim that his attorney was ineffective for failing to file a direct appeal. So unlike Goddard, Petitioner did not file his Motion to Vacate **solely** to reinstate his right to a direct appeal. This Court, because this case was decided prior to United States v. Killain, 22 Fed. Appx. 300 (4th Cir. 2001), considered and denied Petitioner's other claims and granted Petitioner's claim that his attorney was ineffective for failing to file a direct appeal. Petitioner then appealed his underlying sentence and conviction **and** this Court's Order granting in part and denying in part his Motion to Vacate. The Fourth Circuit affirmed Petitioner's conviction and sentence **and** denied a certificate of appealability **and** dismissed Petitioner's appeal of his Motion to Vacate. Therefore, Petitioner received all the review that he was entitled to receive. Moreover, in his current Motion to Vacate, Petitioner does not raise new claims related to issues stemming from his direct appeal, but raises claims that he could have raised in his first Motion to Vacate, i.e. those stemming from his attorney's performance both prior to sentencing and at his sentencing, all the while being careful not to attack the voluntariness of his plea as he did in his first Motion to Vacate. However, as stated in this Order, this Court, in an abundance of caution and only to the extent that Petitioner's Motion to Vacate is not successive, did consider the merits of Petitioner's ineffective assistance of counsel claim.

the Probation Officer who determined the amount of drugs knowingly foreseeable by the Petitioner, because his attorney did not object at sentencing and because his attorney did not explain the different penalties for cocaine powder and cocaine base. Petitioner contends that he never had an understanding of the penalties under after his appeal.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

6

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

In his first motion to vacate, Petitioner alleged that his counsel was ineffective because he failed to protect Petitioner's rights in making a knowing and intelligent plea. In this instant Motion to Vacate, Petitioner specifically states that he is not attacking his plea agreement, but instead he

7

claims that his attorney was ineffective in that said attorney was not present during Petitioner's interview with the Probation Officer, who determined the amount of drugs knowingly foreseeable by the Petitioner; his attorney did not object at sentencing; and his attorney failed to explain the different penalties for cocaine and cocaine base. Petitioner's current claim is very much related to the ineffective assistance of counsel claim alleged in his first motion to vacate in that in both Petitioner claims that his attorney was ineffective for failing to protect his rights during sentencing.

As was stated by this Court in its previous Order, Petitioner's argument is belied by the record in this case. At his plea hearing[5] Petitioner swore under oath that he wanted to plead guilty. (Plea Hearing Trans. at.4.) He further swore that he understood that he was entering a guilty plea that could not later be withdrawn. (Plea Hearing Trans. at 5.) Further and significantly, Petitioner also swore that he understood that he was pleading guilty to possession with intent to distribute and distribute cocaine, meaning powder cocaine, and cocaine base, meaning crack cocaine, and that his plea would result in a ten-year minimum term of imprisonment and a maximum term of life imprisonment of life. (Plea Hearing Trans. at 7-10.) Petitioner also swore under oath that his counsel had explained how the United States Sentencing Guidelines might apply to his case and that he understood that the Court would not be able to determine his sentencing range until after his after his pre-sentence report was written. (Plea Hearing Trans. at 10.) At his sentencing hearing, Petitioner again affirmed that he understood the nature of the charges against him and that he was in fact guilty

---

[5] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

of those charges. (Sent. Hearing Trans. at 2-3.) He further stated that he understood the possible penalties he faced and felt he had been adequately advised and represented by his attorney. (Sent. Hearing Trans. at 2-3.) Moreover, while counsel may not have been present at the interview with the Probation Officer, Petitioner stated at his sentencing hearing that had a copy of the pre-sentence report, that he had read it and had gone over it in detail with his attorney. (Sent. Hearing Trans. At 3.)

Moreover, the government submitted an affidavit from Petitioner's counsel in connection with Petitioner's first motion to vacate in which counsel asserts that he spent "numerous hours explaining in detail the Defendant's Plea Agreement and in review of his Pre-Sentence Investigation Report . . . The amount of contraband seized was not a subject of controversy and the guidelines were clear as to his sentence." (Ex. 3 to Govt's Motion for Summary Judgment.)

Based upon Petitioner's representations at both his Rule 11 Hearing and Sentencing Hearing, and the record in this case, the Court concludes that Petitioner's counsel was not ineffective in his representation of Petitioner. Petitioner has not established either prong of the Strickland test.

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Petitioner's Motions to Amend (Document Nos. 6 and 7) are **DENIED;**

2) The Government's Motion for Summary Judgment is **GRANTED** and

3) Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and **DISMISSED** on the merits;

**SO ORDERED**.

        Signed: August 7, 2006

Richard L. Voorhees
United States District Judge